IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00058-GPG

JULIUS OLOLA,

Plaintiff,

v.

U.S. ATTORNEY GENERAL,et al.,
WARDEN, AURORA DETENTION CENTER,
CONTRACTED DETENTION CENTER (DHS) (GEO GROUP INC)
ICE PROCESSING CENTER, and
JOHN LONGSHORE, Field Director,
U.S. Department of Homeland Security/
U.S. Immigration and Customs Enforcement,

Defendants.

---

**ORDER DENYING INDEFINITE STAY, INJUNCTIVE RELIEF,**
**AND REQUEST FOR STAY OF DEPORTATION**

---

Plaintiff, Julius Olola, is in the custody of U.S. Immigration and Customs Enforcement ("ICE") and is currently detained at the Teller County Detention Center, an ICE contract facility, in Divide, Colorado. On January 8, 2018, Plaintiff filed with the Court approximately 87 pages of documents which were submitted in 6 different envelopes. (ECF No. 1). The materials appeared to be an attempt to file an action against the named Defendants pursuant to 42 U.S.C. § 1983. The Plaintiff also submitted a request to proceed in the matter without prepayment of fees and costs pursuant to 28 U.S.C. § 1915. (ECF No. 3).

As required pursuant to D.C.COLO.LCivR 8.1(b), Magistrate Judge Gordon P. Gallagher reviewed the materials and determined that the submitted documents were deficient. From the manner in which the Plaintiff submitted the materials, it was unclear if

the Plaintiff intended to institute only one (1) Civil Rights action or if he desired to file more than one. Also, based on the manner in which the materials were submitted, it was not entirely clear which exhibits and divider(s) were meant to attach to and support what main document. Further, Plaintiff's reliance on Title 42 U.S.C. Section 1983, which applies to action taken under color of state law, as jurisdiction for his claims appeared to be misplaced, since Plaintiff indicated he is in federal – not state - custody and he named no state defendant in his filings. Finally, Plaintiff's request to proceed under 28 U.S.C. § 1915 failed to provide the necessary information and authorization for the Court to process it. Accordingly, on January 10, 2018, Magistrate Judge Gallagher issued an Order Directing the Plaintiff to Cure Deficiency, notifying the Plaintiff of the deficiencies in his filings and providing him with 30 days from the date of the order in which to cure the deficiencies. (ECF No. 4).

Plaintiff filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on February 9, 2018 (ECF No. 5), but submitted nothing to address the deficiencies in his pleading(s). Therefore, on February 14, 2018, Magistrate Judge Gallagher issued a Minute Order reminding the Plaintiff that he also needed to cure the deficiencies with regard to his pleading(s) and providing him an extension of up to and including February 28, 2018, to cure the remaining deficiencies. (ECF No. 6).

On February 15, 2018, the Office of the Clerk of Court docketed a "Request for Staying of Proceedings and Injunctive Relief" (ECF No. 7) and a "Request for Stay of Deportation" (ECF No. 8) submitted by the Plaintiff on February 14, 2018, which are now pending before the Court.

## I. Plaintiff's Request for Indefinite Stay of Proceedings

With regard to Plaintiff's request for a stay of this case, the inherent power of the

Court to control its docket contains the power to stay proceedings in the interest of justice. *Landis v. North American Co.,* 299 U.S. 248, 255 (1936). The granting of a stay ordinarily lies within the sound discretion of the district court. *Pet Milk Co. v. Ritter,* 323 F.2d 586, 588 (10th Cir. 1963). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis,* 299 U.S. at 254-55 (citations omitted). A stay of proceedings in a case is discretion that will be used sparingly. *See Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt, Inc.,* 713 F.2d 1477, 1484 (10th Cir. 1983) (stays of the normal proceedings of a court matter should be the exception rather than the rule).

Plaintiff requests an indefinite stay of this case based on his being moved from the ICE contract detention facility in Aurora, Colorado, to the contract detention facility in Divide, Colorado, so that he may obtain his luggage property and legal materials in this matter. (ECF No. 7). Allowing Plaintiff additional time to access his legal materials in this matter following his relocation to another facility is not unreasonable, but the court has an equal or stronger interest on behalf of the general public it serves to keep the case moving to conclusion without unnecessary delay. Balancing the equities at issue, the Court finds that an indefinite stay of the case is not warranted and that a grant of an extension of time for Plaintiff to cure the deficiencies in his pleading(s) will better serve the ends of justice.

**II. Plaintiff's Request for Injunctive Relief**

To succeed on his request for injunctive relief, the Plaintiff must show: (1) a substantial likelihood of prevailing on the merits; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued, would not be

adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003). Similarly, a temporary restraining order is appropriate only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

"[T]he primary goal of a preliminary injunction is to preserve the pre-trial status quo." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs." *Id.* If the movant is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above. *See id.* at 1209.

"To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). Plaintiff "must establish both that harm will occur, and that, when it does, such harm will be irreparable." *Vega v. Wiley*, 259 F. App'x 104, 106 (10th Cir. 2007). Furthermore, a party seeking preliminary injunctive relief "must show that the injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm." *Heideman*, 348 F.3d at 1189. A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *Connecticut v. Massachusetts*, 282 U.S. 660, 674

(1931).

"[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (citing *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975)). This Court "has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969). In other words, the Court cannot issue an order against individuals who are not parties to a pending lawsuit. *See id.* ("It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party . . ."); *see also Zepeda v. U.S. Immigration Service,* 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

In this case, Plaintiff fails to demonstrate, clearly and unequivocally, that he is entitled to a preliminary injunction or temporary restraining order. It appears Plaintiff may be requesting preliminary injunctive relief with regard to medical treatment. (ECF No. 1). However, since Plaintiff has not filed an operative pleading that meets the requirements of Rule 8 of the Federal Rules of Civil Procedure, this Court lacks authority to entertain this request for preliminary injunctive relief, as it has limited control over any alleged recipient of an order requiring such relief. *Citizens Concerned for Separation of Church & State v. City & Cty. of Denver*, 628 F.2d 1289, 1299 (10th Cir. 1980) ("the subject of injunctions in the federal courts has a three-fold aspect: (1) jurisdictional, i. e., power to entertain the action, and control of the subject matter and the parties . . .").

Should Plaintiff timely file a Prisoner Complaint that meets the pleading rules and sets forth cognizable claims for relief, Plaintiff may resubmit a request for a temporary restraining order or preliminary injunction at that time. However, at this time, Plaintiff fails to meet his burden of showing that preliminary injunctive relief is warranted.

## III. Plaintiff's Request for a Stay of Deportation

With regard to Plaintiff's request for a stay of deportation (ECF No. 8), he may not proceed with a request arising from the final order of removal entered in his immigration proceedings in a civil rights action. *See generally Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (discussing distinction between habeas corpus claims pursuant to § 2241 and conditions of confinement claims raised in civil rights actions). Further in this regard, federal law unambiguously strips federal district courts of jurisdiction to stay or enjoin an alien's removal.

The Immigration and Nationality Act ("INA") provides that "[e]xcept as provided in [8 U.S.C. § 1252] . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the [Secretary of Homeland Security] to . . . execute removal orders against any alien." 8 U.S.C. § 1252(g). Section 1252(a)(5) further provides that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal. . . ." 8 U.S.C. § 1252(a)(5); *see also Hem v. Maurer,* 458 F.3d 1185, 1188 n.3 (10th Cir. 2006) ("The REAL ID Act, inter alia, shifted certain immigration disputes formerly raised through habeas corpus in the district courts to the courts of appeals and converted them to petitions for review. Pub.L. No. 109-13, 119 Stat. 231 (2005)."). Read together these provisions leave no doubt that a federal district court lacks jurisdiction to consider claims that arise from a removal order. The Tenth

Circuit Court of Appeals has noted that it is "unaware of any statutory or common-law authority permitting a federal court to intervene in an alien's ongoing deportation proceedings to order withholding of removal, or to otherwise stay an alien's removal." *Valdovinos-Blanco v. Holder,* 557 Fed.Appx. 793, 794 (10th Cir. 2014) (internal alterations omitted).

The Plaintiff may, if appropriate, seek a stay of deportation or removal from the Board of Immigration Appeals or he may, if appropriate, petition the United States Court of Appeals for the Tenth Circuit for a stay of deportation or removal. Issues of exhaustion of administrative remedies and timeliness of a request for a stay may be an issue, particularly in connection with any petition filed with the Tenth Circuit Court of Appeals. Therefore, this Court finds that it would not be in the interest of justice to transfer Plaintiff's request for a stay of deportation or removal to the Tenth Circuit Court of Appeals. *See* 28 U.S.C. § 1631 (providing that if a court finds it lacks jurisdiction over a civil action, including a petition for review, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed.").

Finally, with regard to Plaintiff's request for an order that he not be transferred or relocated from the ICE detention facility in Aurora, Colorado (ECF No. 8), the Plaintiff is informed that decisions to transfer an alien from one location to another are within the discretion of the Attorney General and therefore may not be reviewed or enjoined by the federal district courts. *See* 8 U.S.C. § 1231(g)(1) ("The Attorney General shall arrange for appropriate places of detention for aliens detained pending removal <u>or</u> a decision on removal.") (emphasis added). The INA precludes judicial review over such decisions. *See* 8 U.S.C. § 1252(a)(2)(B)(ii) (barring federal district courts from exercising subject

matter jurisdiction over "any . . . decision or action of the Attorney General . . . the authority for which is specified under this subchapter to be in the discretion of the Attorney General . . ."); *see also Van Dinh v. Reno,* 197 F.3d 427, 433 (10th Cir. 1999) (holding that "a district court has no jurisdiction to restrain the Attorney General's power to transfer aliens to appropriate facilities by granting injunctive relief . . . .").

Accordingly, it is

ORDERED that the Plaintiff's request for an indefinite stay of these proceedings (ECF No. 7) is **DENIED**. It is

FURTHER ORDERED that Plaintiff is allowed an extension of up to and including March 23, 2018, to file a Prisoner Complaint on the Court-approved form that complies with the directives of the Court's Order Directing Plaintiff to Cure Deficiency issued January 10, 2018. It is

FURTHER ORDERED that, if Plaintiff fails to cure the deficiencies in his pleading **on or before March 23, 2018**, the action will be dismissed without further notice. The dismissal shall be without prejudice. It is

FURTHER ORDERED that Plaintiff's request for injunctive relief (ECF No. 7) is **DENIED WITHOUT PREJUDICE**. It is

FURTHER ORDERED that Plaintiff's Request for Stay of Deportation (ECF No. 8) is **DENIED WITHOUT PREJUDICE** for lack of jurisdiction in this Court.

DATED at Denver, Colorado, this 22nd day of February, 2018.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court